IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MISTI LEIGH FAYKUS-ORR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0750-D |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | § § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Plaintiff Misti Leigh Faykus-Orr has filed a motion to compel discovery in this civil action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. At issue are interrogatories and document requests pertaining to: (1) the compensation of decisionmakers who reviewed plaintiff's disability claim; (2) defendant's relationship with third-party consultants; (3) actions taken by defendant to ensure that plaintiff's claim was determined in accordance with the plan documents and federal law; and (4) certain information and documents related to the claim file. Defendant objects that these discovery requests are overly broad, unduly burdensome, and outside the scope of permissible discovery in an ERISA action. The parties have briefed their respective positions in a joint status report filed on December 1, 2006, and the motion is ripe for determination.

A.

With limited exceptions, discovery in an ERISA action seeking judicial review of the denial of benefits is restricted to consideration of the administrative record. *See Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc). One such exception is where

the participant or beneficiary alleges that the plan administrator operates under a conflict of interest. *See, e.g. Arnold v. F.A. Richard & Associates, Inc.*, No. CIV 99-2135, 2000 WL 1693659 at *5 (E.D. La. Nov. 8, 2000). In such cases, discovery outside the administrative record is permitted to enable the beneficiary to develop evidence demonstrating the extent of the conflict. *Id.*; *see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004) ("There is no practical way for the extent of the administrator's conflict of interest to be determined without [ ] going beyond the record of the administrator."). The extent of the administrator's conflict of interest is relevant in ERISA cases because "[t]he greater the evidence of conflict on the part of the administrator, the less deferential [the court's] abuse of discretion standard will be." *Vega*, 188 F.3d at 297. *See also Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 270 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 2941 (2005) ("The degree to which a court must abrogate its deference to the administrator depends on the extent to which the challenging party has succeeded in substantiating its claims that there is a conflict.").

Two categories of discovery implicate this conflict of interest exception. In Interrogatory No. 17 and Request No. 10, plaintiff seeks information and documents pertaining to:

> Liberty's compensation system or policy for the category or job description of any of the personnel, who had decision making authority, involved in reviewing Plaintiff's Claim for LTD benefits, and for their respective supervisors up to the head of the claims department, including any policy, method or calculation of performance evaluations and/or bonuses, pay increases or benefits paid to said personnel for the period of 2001 to present, including but not limited to the individual criteria under which employees are evaluated to determine the amount of their bonus or compensation.

(Jt. Stat. Rep. App. at 010, Interrog. No. 17 & *id.* at 020-21, RFP No. 10). The court agrees with plaintiff that this discovery may shed light on the extent of defendant's conflict of interest in both administering and insuring the plan. More particularly, the court would be justified in giving

defendant's decision to deny benefits less deference if discovery revealed that its decisionmakers were compensated or rewarded for cutting benefits or denying claims. *See, e.g. Lain v. UNUM Life Insurance Co. of America*, 279 F.3d 337, 343 n.7 (5th Cir. 2002) (district court justified in finding that administrator's decision was entitled to a "modicum less deference" under sliding-scale analysis where employees received substantial financial bonus incentives to deny claims); *Pylant v. Hartford Life and Accident Ins. Co.*, No. 3-05-CV-0379-G, op. at 4 (N.D. Tex. Jan. 20, 2006), *aff'd*, 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006) (same); *Arensberg v. UNUM Life Insurance Co. of America*, No. 3-02-CV-0108-P, 2003 WL 23193265 at *13 (N.D. Tex. Aug 27, 2003) (evidence of financial arrangement that rewarded administrator for cutting benefits was a factor in determining abuse of discretion). Contrary to defendant's assertion, plaintiff is not precluded from conducting discovery on this issue merely because defendant concedes that it acts both as a claims administrator and an insurer. *See MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 479 n.8 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2413 (2004) (court will not presume that conflict exists merely because the defendant both insures and administers the plan). Defendant will be required to answer Interrogatory No. 17 and produce the documents specified in Request No. 10.

Interrogatory No. 11 and Request No. 11 seek information and documents pertaining to the relationship between defendant and two of its outside consultants--Dr. Bruce Wilson and Corvell. (*See* Jt. Stat. Rep. App. at 007, Interrog. No. 11 & *id.* at 021, RFP No. 11). Courts are split as to whether an ERISA plaintiff is entitled to discovery materials relating to potential conflicts of interest involving third parties. *Compare Jez v. Dow Chemical Co.*, 402 F.Supp.2d 783, 786 (S.D. Tex. 2005) (allowing discovery of the number of files administrator referred to third party consultants and how much consultants were paid for a review) *with Hall v. Standard Insurance Co.*, No. 7:04 CV 00285, 2005 WL 348266 at *4 (W.D. Va. Feb. 10, 2005) (rejecting similar discovery request) *and*

*Abromitis v. Continental Casualty Co./CNA Insurance Cos.*, 261 F.Supp.2d 388, 390 (W.D.N.C. 2003), *aff'd*, 114 Fed. Appx. 57 (4th Cir. 2004) (same). The Fifth Circuit has not addressed this narrow issue. However, in *Pylant v. Hartford Life and Accident Insurance Co.*, No. 3-05-CV-0379-G, 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006), Chief Judge Fish wrote:

> Potential conflicts of interest resulting in a lower level of deference concern conflicts between the insurer and the administrator, not extraneous third parties. The information sought by the plaintiff's Interrogatory No. 11 involved the relationship between Dr. Trock and the defendants and/or between University and the defendants. The only conflict of interest applicable in this case is the internal conflict of Hartford due to its dual role as administrator and insurer. The relationship between Hartford and Dr. Trock or between Hartford and University is irrelevant to the determination of whether Hartford, as the decision maker, was conflicted; neither Dr. Trock nor University was vested with the authority to terminate [plaintiff's] benefits.

*Pylant*, 2006 WL 3247314 at *6 (internal citations omitted). Like *Pylant*, neither Dr. Wilson nor Corvell made the decision to deny plaintiff's claim for disability benefits. Therefore, any conflict of interest on the part of these third-party consultant is irrelevant to the abuse of discretion inquiry. *See also Bray v. Fort Dearborn Life Ins. Co.*, No. 3-06-CV-0560-B, op. at 3 (N.D. Tex. Dec. 13, 2006) (Kaplan, J.).

B.

In Interrogatory No. 16, plaintiff asks defendant to:

> Describe the activities engaged in by Liberty to ensure that Plaintiff's benefit claim determinations were made in accordance with governing plan documents and that Plaintiff's benefit claim determinations were made in accordance with the plan provision and that, where appropriate, the Plan provisions have been applied consistently with respect to similarly situated claimants, in accordance with 29 C.F.R.§ 2560.503-1(b)(5).

(Jt. Stat. Rep. App. at 009, Interrog. No. 16). Defendant objects that this interrogatory goes beyond the scope of permissible discovery in an ERISA action seeking judicial review of the denial of

benefits. The court agrees. The clear weight of authority in this district is that such a discovery request does not "fall within one of the limited areas that the court is permitted to consider besides the [administrative] record." *Pylant*, No. 3-05-CV-0379-G, op. at 7; *Dramse v. Delta Family-Care Disability and Survivorship Plan*, No. 3-05-CV-0524-M, op. at 2 (N.D. Tex. Mar. 6, 2006) (Kaplan, J.); *Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D, op. at 7 (N.D. Tex. Aug. 31, 2005) (Fitzwater, J.).[1] Discovery of the actions taken by defendant to ensure that plaintiff's claim was determined in accordance with the plan documents and federal law is simply not permitted in an ERISA case.

C.

Interrogatory No. 1 asks for information pertaining to defendant's interpretation of a "material and substantial duty" as found in certain provisions of the long-term disability policy, while Request No. 2 seeks the claims handling procedure manuals, bulletins and memos relating to the policy. Subject to its objections, defendant explains that it interpreted the policy "in accordance with the documents governing the relevant benefit plan." (Jt. Stat. Rep. App. at 003, Interrog. No. 1). However, in response to Request No. 2, defendant states that there are no manuals, bulletins, and memos containing provisions specifically relevant to plaintiff's claim for benefits. (*Id.* at 016, RFP No. 2). Understandably, plaintiff is confused by these seemingly inconsistent answers. On the one hand, defendant states that the relevant policy provisions were interpreted in accordance with documents governing the plan. Yet defendant goes on to deny the existence of documents relevant to plaintiff's claim for benefits. While the court cannot compel defendant to produce documents that do not exist, defendant will be required to supplement its answers to Interrogatory No. 1 and Request

---

[1] The court notes that counsel for plaintiff in the instant case also represented the plaintiffs in *Dramse*, *Pylant* and *Griffin*.

No. 2 to specifically identify the documents used to interpret the plan terms at issue or, alternatively, to affirmatively state that no responsive documents exist. To the extent there are documents responsive to Request No. 2, defendant shall produce those documents to plaintiff.

Request No. 3 seeks "[a]ll legal opinions given prior to the lawsuit in this case" with respect to certain provisions of the long-term disability policy. (*Id.* at 0016, RFP No. 3). On its face, this document request requires the production of attorney-client communications. Defendant's objection on this ground is sustained.

### D.

Finally, plaintiff asks defendant to produce certain documents from its claim file and to identify specific pages in the administrative record to support its decision to deny disability benefits. (*See id*. at 003-08 & 010, Interrog. Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 18; *id.* at 017-19, RFP Nos. 5, 6, 7, 8). Subject to its objections, defendant represents that all responsive, non-privileged documents in its possession, custody or control were included in the claim file and that the entire file has been produced to plaintiff. With respect to evidence contained in the administrative record that supports its disability determination, defendant states:

> Liberty Life's decision on Plaintiff's claim for benefits necessarily requires it to review the entire administrative record, including all of the opinions of any medical provider that is contained in the record. Therefore, *Liberty Life relied upon the entire administrative record in making its decision concerning plaintiff's claim for benefits*, including the records and opinions of all medial care and treatment providers named therein, in making its decisions on Plaintiff's claim for benefits.

(*Id.* at 007, Interrog. No. 10; *see also id.* at 008-09, Interrog. Nos. 12, 13, 14). Plaintiff does not dispute that defendant has produced the entire administrative record or that, as the plan administrator, defendant has a legal obligation to base its disability determination on the record as

a whole. Rather, plaintiff believes that defendant should be required to sift through more than 1,100 pages in the claim file to cite to specific documents and evidence. Defendant is not required to marshal plaintiff's evidence for her. By stating that it relied on the entire administrative record and by producing a complete copy of that record, defendant has complied with its discovery obligations.

## **CONCLUSION**

For these reasons, plaintiff's motion to compel discovery [Doc. #16] is granted in part and denied in part. The motion is granted with respect to Interrogatory Nos. 1 & 17 and Request Nos. 2 & 10. Defendant shall answer these interrogatories and produce responsive documents in accordance with the terms of this order by **January 16, 2007.** In all other respects, plaintiff's motion is denied.

SO ORDERED.

DATED: December 18, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE